1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    JERRY STEARNS,                              Case No.  25-cv-03507-TLT

8                    Plaintiff,

9           v.                                   **ORDER OF DISMISSAL**

10   GOOGLE INCORPORATED,

11                   Defendant.

12

13          Plaintiff, a federal prisoner incarcerated in New York, filed a *pro se* complaint against

14   Google, Inc. under 42 U.S.C. § 1983. Dkt. No. 1. The complaint is now before the Court for

15   screening pursuant to pursuant to 28 U.S.C. § 1915. For the reasons identified below, the

16   complaint is dismissed. Plaintiff has been granted leave to proceed *in forma pauperis* by separate

17   order.

18                                      **DISCUSSION**

19       **A.     Standard of Review**

20          In cases in which the plaintiff is proceeding *in forma pauperis*, the Court is required to

21   screen each case, and shall dismiss the case at any time if the Court determines that the allegation

22   of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon

23   which relief may be granted, or seeks monetary relief against a defendant who is immune from

24   such relief.  28 U.S.C. § 1915(e)(2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke*

26   *v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir.

27   1984).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

28   meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at

United States District Court
Northern District of California

1   327; *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining frivolous as "of

2   little weight or importance: having no basis in law or fact").  An action is malicious if it was filed

3   with the "intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (9th Cir. 2005).

4        To state a claim upon which relief may be granted, a complaint must contain "a short and

5   plain statement of the claim showing that the pleader is entitled to relief ...."  Fed. R. Civ. P.

6   8(a)(2).  If the factual elements of a cause of action are present but are scattered throughout the

7   complaint and not organized into a "short and plain statement of the claim," dismissal for failure

8   to satisfy Rule 8 is proper. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Thus, to

9   comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what

10  relief, and on what theory, with enough detail to guide discovery." *Id.*  Such notice pleading is

11  required in federal court in order to "give the defendant fair notice of what the claim ... is and the

12  grounds upon which it rests." *Bell Atlantic Corp. v. Twombly* (*Twombly*), 550 U.S. 544, 555

13  (2007) (internal quotations omitted).  Detailed factual allegations are not required, but

14  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice." *Ashcroft v. Iqbal* (*Iqbal*), 556 U.S. 662, 678 (2009) (citing *Twombly*,

16  550 U.S. 544, 555 (2007)).  "Vague and conclusory allegations of official participation in civil

17  rights violations are not sufficient ...." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,

18  268 (9th Cir. 1982).

19       Plaintiffs proceeding *pro se* in civil rights actions are entitled to have their pleadings

20  liberally construed and to have any doubt resolved in their favor. *See Wilhelm v. Rotman*, 680

21  F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  Nonetheless, to survive screening, a

22  plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the

23  Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*,

24  556 U.S. at 678–79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  That is, the

25  plaintiff must demonstrate each defendant personally participated in the deprivation of his rights.

26  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  The "sheer possibility that a defendant has

27  acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

28  liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d

United States District Court
Northern District of California

at 969.  Thus, where a plaintiff fails to "nudge [his or her] claims ... across the line from conceivable to plausible[,]" the complaint is properly dismissed.  *Iqbal*, 556 U.S. at 680 (internal quotations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Analysis**

Plaintiff asserts that the Court has both federal question jurisdiction and diversity jurisdiction. He alleges that he performed a Google search on May 11, 2019, which unwittingly returned images of child pornography which formed the basis of federal charges that were subsequently field against him. Plaintiff was convicted and sentenced to 11 years. Plaintiff seeks to hold Google liable under the Communications Decency Act (CDA), federal child pornography statutes, and state negligence law. He seeks damages.

Plaintiff argues that Google is liable for creating thumbnail images of third-party content and storing the thumbnail images and "sending those thumbnail images to a user's computer" as image search results. Plaintiff alleges that although not legally required to do so, Google employs a stringent filtering process to remove child pornography from its system and indices in order to protect its products, its image, and its users. He alleges that he chose to use Google because he believed it would be a platform safe from receiving illicit images, and that Google negligently or grossly negligently failed to protect him from receiving illicit third-party images that resulted in his prosecution.

Plaintiff does not state a constitutional claim under section 1983 because he sues a defendant who was not acting under color of state law. There is no private right of action under the CDA or federal criminal statutes. Plaintiff has therefore failed to establish federal question jurisdiction. As for diversity jurisdiction, plaintiff fails to state a claim for negligence under

1  California law.

2      California courts define negligence as a "failure to exercise the degree of care in a given

3  situation that a reasonable person under similar circumstances would employ to protect others

4  from harm." *City of Santa Barbara v. Superior Ct.*, 41 Cal. 4th 747, 753 (2007). Plaintiff does not

5  allege that Google failed to exercise reasonable care. His allegations suggest that Google was in

6  fact taking more care than it was required to. He has not stated a claim for negligence under

7  California law.

8      Further, section 230 of the CDA generally immunizes entities like search engines from

9  liability for claims involving how these entities do or do not moderate content created by others.

10  Section 230 "protects certain internet-based actors from certain kinds of lawsuits." *Barnes v.*

11  *Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009). "No provider or user of an interactive computer

12  service shall be treated as the publisher or speaker of any information provided by another

13  information content provider." 47 U.S.C. § 230(c)(1). "No cause of action may be brought and no

14  liability may be imposed under any State or local law that is inconsistent with this section." 47

15  U.S.C. § 203(e)(3). The CDA would preclude any claim like plaintiff's even if he stated a claim

16  under state law. See, e.g., *Ginsberg v. Google Inc.*, 586 F. Supp. 3d 998, 1006 (N.D. Cal. 2022)

17  (section 230 precludes claim of negligence in failing to remove certain content from Google Play

18  store because the conduct of removing content is that of a publisher).

**CONCLUSION**

20      For the foregoing reasons, the case is dismissed for failure to state a claim upon which

21  relief may be granted.

22      The Clerk shall terminate any pending motions, enter judgment, and close the file.

23      **IT IS SO ORDERED.**

24  Dated: August 15, 2025

25

26

27  TRINA L. THOMPSON
   United States District Judge

28

*United States District Court*
*Northern District of California*

4